# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

|                                      |   |                        |
|--------------------------------------|---|------------------------|
| **CURTIS STRINGFELLOW**              | ] |                        |
|     **Plaintiff,** | ] |                      |
|                                      | ] |                        |
| **v.**                               | ] | **No. 1:13-0080**      |
|                                      | ] | **JUDGE HAYNES**       |
| **LT. DEBRA WAGONSCHUTZ, et al.**    | ] |                        |
|     **Defendants.** | ] |                     |

## M E M O R A N D U M

Plaintiff, Curtis Stringfellow, an inmate at the Maury County Jail in Columbia, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Lt. Debra Wagonschutz, Administrator of the Maury County Jail; Enoch George, Sheriff of Maury County; William Wilson, Sheriff of Wayne County; and Karla Boshia, Administrator of the Wayne County Jail; seeking injunctive relief and damages. Plaintiff asserts a claim for the Defendants' refusal to provide this diagnostic test prescribed by a physician.

According to his complaint, Plaintiff was transferred to the Wayne County Jail from the Maury County Jail "for no reason". At the Wayne County Jail, Plaintiff slipped and fell in the shower. As a result, Plaintiff was taken to the hospital where he was x-rayed and examined by a physician whose diagnosis was broken ribs and injury to Plaintiff's right hand.

Plaintiff has since been returned to the Maury County Jail. Plaintiff alleges that the hospital physician recommended an MRI for his hand, but neither the Wayne County medical staff nor the Maury County medical staff have provided him with an MRI. The denial of medical care prescribed

by a physician can state an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97, 106 (1976)

Plaintiff's claims are against the Defendants in their official capacities only. In an official capacity action, the employer of the individual defendants is the defendant. Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.") In essence, Plaintiff's claims are against Maury and Wayne Counties. Hafer v. Melo, 502 U.S. 21,25 (1991). The Sheriff also is deemed to represent the county. Brandon v. Holt, 469 U.S. 464, 471-72 (1985).

Thus, the Clerk shall issue process to the Defendants George and Wilson, but Plaintiff's claims against the remaining Defendants Wagonschutz and Karla Boshia should be dismissed.

An appropriate order is filed herewith.

**ENTERED** this the ___ day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court